```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION


3600 MICHIGAN CO. LTD,           )
                                 )
          Plaintiff              )
                                 )
     v.                          )    Case No. 2:07 cv 367
                                 )
INFRA-METALS CO. fka Preussag    )
International Steel Corporation,)
                                 )
          Defendant              )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Pursuant to Fed. R. Civ. P. 37 [DE 33] filed by the plaintiff, 3600 Michigan Co. Ltd., on February 6, 2009, and the Renewed Motion to Compel Pursuant to Fed. R. Civ. P. 37 [DE 38] filed by the plaintiff on April 16, 2009.  For the following reasons, the initial motion to compel is **GRANTED IN PART** and **DENIED IN PART AS MOOT** and the Renewed Motion to Compel is **DENIED AS MOOT.**

## Background

On December 19, 2008, 3600 Michigan Company (3600 Michigan), served Infra-Metals with its third set of written interrogatories.  On January 19, 2009, Infra-Metals filed an objection to these interrogatories claiming that the information sought was not relevant.  On February 2, 2009, 3600 Michigan filed a Motion for Extension of the Discovery Deadline, and the court granted this motion on March 23, 2009, thus moving the new discovery deadline to April 17, 2009.

On February 6, 2009, 3600 Michigan filed its Motion to

Compel Infra-Metals to answer 3600 Michigan's third set of interrogatories and to compel production of documents that Infra-Metals' expert relied on in formulating his opinion. This third set of interrogatories asks in relevant part:

> What was the mechanism by which Infra-Metals Co. became a part of the PNA Holding Corp?
>
> a) date of closing;
> b) type of sale: stock or asset purchase;
> c) purchase price; and
> d) whether purchase included acceptance of the liability of this litigation and any result therefrom.

The interrogatories continue to ask essentially the same question with regards to two other companies, Platinum Equity and Reliance Steel and Aluminum.

On February 23, 2009, Infra-Metals filed a response stating that 3600 Michigan's motion lacked merit and should be denied because 3600 Michigan's interrogatories improperly sought "information solely concerning Infra-Metals's ability to satisfy a judgment." Infra-Metals claims that such information is not relevant to any claims or defenses, and therefore does not meet the relevancy requirement of Federal Rule of Civil Procedure 26(b)(1).[1] Infra-Metals argues that 3600 Michigan's interrogatories are premature and further suggests that 3600 Michigan should seek this information through post-judgment discovery if that need arises in the future. 3600 Michigan replies that the information is relevant because it may provide evidence about whether

---

[1] When Infra-Metals responded to the third set of interrogatories, it provided a litany of objections. However, in its brief responding to the motion to compel, Infra-Metals argues only one: relevancy.

Infra-Metals contracted its liability to another party through any of its subsequent acquisitions or whether Infra-Metals has sufficient funds to satisfy a possible judgment. 3600 Michigan contends that this information is relevant to ongoing litigation decisions.

Since the filing of the initial motion to compel, the two parties have communicated but have not resolved their differences about the interrogatories, as evidenced by the Renewed Motion to Compel. However, the Renewed Motion to Compel indicates that Infra-Metals has agreed to provide to 3600 Michigan the documents relied on by its expert. Therefore, that portion of the initial motion no longer is in dispute.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Rule 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.,*** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting **Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject

matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* ***Adams v. Target,*** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle,*** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest National Insurance Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citatations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 206 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the

4

requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

3600 Michigan's initial and renewed motions to compel seek answers to basically three interrogatories. Interrogatories numbered two, three, and four ask:

> What was the mechanism by which Infra-Metals Co. became a part of the (2) PNA Holding Corp., (3) Platinum Equity, and (4) Reliance Steel and Aluminum?
>
> a)  date of closing;
> b)  type of sale: stock or asset purchase;
> c)  purchase price; and
> d)  whether purchase included acceptance of the liability of this litigation and any result therefrom.

Infra-Metals initially objected to providing a response to these questions on the grounds that the information was not relevant to

a claim or defense, has no bearing on any party's liability or damages, and could be obtained in post-judgment discovery. Infra-Metals relies on *Simon v. Whichello*, 2006 WL 2042154, *4 (N.D. Ind. July 18, 2006) to argue that the request made by 3600 Michigan is irrelevant to the case at hand because the questions do not help to prove or disprove 3600 Michigan's allegations. *But see Simon*, 2006 WL 2042154 at *4 (granting the motion to compel because production "may yield" relevant evidence).

Although 3600 Michigan's interrogatories do not strike at the heart of the claims and defenses, they do have a tangential relationship to the liability and damages issues in this case. To the extent that 3600 Michigan requests the information in order to determine whether Infra-Metals is judgment-proof, Rule 26(b)(2) requires disclosure of a defendant's liability insurance coverage, but a defendant's financial condition generally is not a permissible ground for inquiry during the discovery phase. *See generally* 23 Am. Jur. 2d *Depositions and Discovery* §38 (May 2009) (discussing that the general practice is "not [to] permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, since such matters are not relevant . . ."). The Advisory Committee Note to Rule 26(b)(2) states that the required disclosure of insurance information was not intended to extend discovery to "a defendant's financial status or ability to satisfy a judgment." *Oppenheimer Fund, Inc.*, 437 U.S. at 351 n.16, 98 S.Ct. at 2389 (referring to the comments made in the Advisory Committee's Notes on 1970 Amendment

to Fed. R. Civ. P. 26, 28 U.S.C. App. p. 7777 and observations recorded in 4 J. Moore, *Federal Practice* ¶ 26.62[1] (2d ed. 1976)). Thus, the court cannot compel Infra-Metals to disclose information for the purpose of ascertaining whether it is judgment-proof. Instead, 3600 Michigan may pursue such information through a post-judgment special proceeding under Federal Rule of Civil Procedure 69(a) if necessary. *See* **Peterson v. Farrakhan**, 2008 WL 656267, *2-3 (N.D. Ind. March 5, 2008)(discussing Rule 69(a) and the procedure for obtaining discovery of financial information in a post-judgment hearing).

However, 3600 Michigan also seeks knowledge about Infra-Metals' relationship to the other acquiring corporations, arguing that this information is necessary to ensure that Infra-Metals, and Infra-Metals alone, is the company liable for this cause of action.

Companies, upon being acquired, can explicitly or impliedly contract liability to the successor corporation. *See* David J. Marchitelli, *Liability of Successor Corporation for Injury or Damage Caused by Product Issued by Predecessor, Based on Successor's Express or Implied Agreement to Assume Liability or Where Transfer Was Fraudulent, in Bad Faith, or Without Adequate Consideration*, 112 A.L.R. 5th 113 (2009)(discussing successor liability). See also Tim Orr, *Not Just for Contracts Anymore: Successor Liability*, 17 S. Carolina Lawyer 32, 34 (March 2006) (noting that initially successor liability applied to corporate and tax law, but it has now crept into other practice areas, such

7

as commercial cases, business torts, and products liability). Information that is not an element of a claim or defense may be relevant to the broader subject matter at hand. *Borom,* 2009 WL 1617085 at *1. Information about successor liability reasonably bears on the issue of whether another party has assumed liability for any obligations that could be incurred by this lawsuit, thus overcoming any claim that such information has a speculative or tenuous relationship to the issues underlying litigation. *See McClain v. TP Orthodontics et. al*, 2008 U.S. Dist. LEXIS 46739, *2 (N.D. Ind. 2008)("Discovery may not be relevant if it has only a speculative or tenuous connection to issues in the underlying litigation"). The information that 3600 Michigan seeks is useful in determining the parties' litigation strategy. *See also Loft, Inc. v. Corn Products Refining Co. et al.*, 103 F.2d 1, 7-8 (7th Cir. 1939)(emphasizing that the "rationale of [a liberal] attitude" toward discovery is "not only that the court wants to know the truth, but that it is good for both the parties to learn the truth far enough ahead of the trial, not only to enable them to prepare for trial, but also to enable them to decide whether or not it may be futile to proceed to trial"). An attempt to discover *who* is liable is relevant, and, therefore, the court **GRANTS IN PART** the initial motion to compel regarding interrogatories 2-4.

Because it appears Infra-Metals has agreed to provide the requested documents relied on by the expert to 3600 Michigan, the

court **DENIES IN PART** as moot the request in the initial motion to compel regarding this production.

Finally, 3600 Michigan seeks to obtain attorney fees for the time spent in procuring the answers to the third set of interrogatories. "The great operative principle of Rule 37(a)(4) is that the loser pays." *McGrath,* 2009 WL 1325405, at *3; *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)(*quoting* Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* §2288 at 787 (1970). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." Any loser may avoid payment by showing that his position was substantially justified. *McGrath*, 2009 WL 1325405, at *3; *Rickels*, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. Rule 37(a)(2)(B), (a)(3), (a)(4); *McGrath*, 2008 WL 2518710, at *13 (*citing* *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329-30 (N.D. Ind. 2004)). *See Carlson Restaurants Worldwide, Inc*, 2009 WL 692224, at *10 (*citing Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.,* 43 F.Supp.2d 951, 960 (N.D. Ill.1999)) ("The rule's purpose is 'to promote voluntary discovery without the need for motion practice'").

Because Infra-Metals had a valid argument against answering the interrogatories for purposes of ascertaining evidence of

judgment satisfaction and because the parties came to agreement on the expert production dispute, Infra-Metals has shown a substantial justification for contesting the discovery and its willingness to cooperate in discovery. In addition, it would be difficult to dissect the fees according to which arguments were granted versus those denied. Therefore, the request for fees is **DENIED.**

_____

For the foregoing reasons, the initial Motion to Compel Pursuant to Fed. R. Civ. P. 37 [DE 33] filed by the plaintiff, 3600 Michigan Co. Ltd., on February 6, 2009, is **GRANTED IN PART** and **DENIED IN PART AS MOOT**, and the Renewed Motion to Compel Pursuant to Fed. R. Civ. P. 37 [DE 38] filed by the plaintiff on April 16, 2009, is **DENIED AS MOOT.**

ENTERED this 24th day of September, 2009

s/ ANDREW P. RODOVICH
United States Magistrate Judge