UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| 3600 MICHIGAN CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-CV-367 PPS |
| | ) | |
| | ) | |
| INFRA-METALS, CO. f/k/a PREUSSAG | ) | |
| INTERNATIONAL STEEL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the motion of Defendant Infra-Metals, Co. to exclude the opinion and lay testimony of Plaintiff 3600 Michigan Co., Ltd.'s real estate expert, Jeffrey Vale [DE 58 & 63]. For the reasons set forth below, and following the Seventh Circuit's advice regarding expert testimony at bench trials, I will hear Vale's proposed testimony at trial and will then make my admissibility determinations at that time.

### BACKGROUND

This dispute concerns an industrial property in East Chicago where the parties and their respective predecessors jointly operated a steel processing facility from 1992 to 1997 [DE 1]. In 1997, Infra-Metals agreed to terminate the joint venture with 3600 Michigan, transfer ownership of the property to 3600 Michigan, and lease it back from 3600 Michigan for a ten-year period, from 1997 to 2007 [*Id.*].

Six years into the lease, Infra-Metals notified 3600 Michigan of its decision to vacate the property and cease making further rental payments [DE 2-2]. As a result, the parties negotiated a 2003 amendment to the lease which progressively reduced Infra-Metals' rent over the four years remaining in the lease period and required the parties to cooperate and use "reasonable efforts" to locate a new tenant during this time [DE 1 & 1-4]. During this four year period Infra-Metals

dutifully paid the rent.

      3600 Michigan controlled the marketing of the property during the four-year period, largely through the services of CB Richard Ellis [DE 2-2], which set a sale price of $4.2 million and a rental price of $3.75 per square foot [DE 59-2]. These prices were never lowered, and no replacement tenant or new owner was secured during the lease period [DE 2-2]. The problem was that 3600 Michigan had very little incentive to re-lease the property since Infra-Metals was on the hook for the balance of the lease despite the fact that it had vacated the premises in 2003 [*Id.*]. So this case comes down to whether 3600 Michigan used reasonable efforts – as it was required to do under the 2003 amendment – to sell or re-lease the property.

      Shortly after the July 2007 termination of the lease, 3600 Michigan sued Infra-Metals for breach of the lease for Infra-Metals' alleged failure to fulfill certain maintenance and other obligations under the lease agreements [DE 1]. Unsurprisingly, Infra-Metals counter-claimed, alleging that 3600 Michigan had breached its duty under the lease amendment to use reasonable efforts to locate a new tenant or owner [DE 2-2]. During oral argument on the pending motion, the parties indicated that 3600 Michigan managed to secure a new tenant, BP, roughly six months after the July 2007 termination of Infra-Metals' lease.

## DISCUSSION

      3600 Michigan initially proffered Vale to give opinion testimony on (1) the condition of the industrial real estate market in Northwest Indiana during the 2003-07 period; and (2) the reasonableness of 3600 Michigan's asking price for the property, in light of the condition of that market during that period [DE 59-2 & 60]. Infra-Metals moved to exclude Vale's proposed testimony on several grounds, including that it fails to meet Federal Rule of Evidence 702's relevance and reliability standards and the Supreme Court's decision in *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579 (1993) [DE 58 & 59].[1]

In its response brief and during oral argument 3600 Michigan conceded that Vale cannot give expert testimony on the reasonableness of 3600 Michigan's listing price for the property [DE 60]. Instead, it seeks to present Vale's *lay* testimony as to his perceptions of the condition of the property [*Id.*], which Infra-Metals then moved to exclude in it reply brief [DE 63]. 3600 Michigan continues to maintain that Vale's expert opinion as to the condition of the Northwest Indiana industrial real estate market during 2003-07 is admissible under Federal Rule of Evidence 702. [DE 60].

I.  **Vale's Opinion Testimony as to the Condition of the Market**

Because this is a bench trial, I conclude that the admissibility of Vale's opinion testimony as to the condition of the market is best resolved at trial, rather than in a ruling on a motion in limine. *Daubert* charges trial judges with the gatekeeping responsibility of preventing unreliable expert testimony from reaching the jury. *Daubert*, 509 U.S. at 597. This gatekeeping function applies to all expert testimony, including Vale's proffered experience-based testimony as to Northwest Indiana's industrial real estate market. *See Kumho Tire*, 526 U.S. at 141. But in bench trials such as this one, the court's gatekeeping function applies with less force.

As the Seventh Circuit has observed, "[w]here the gatekeeper and factfinder are one and the same - that is, the judge - the need to make decisions prior to hearing the testimony is lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006); *see also U.S. v. Ozuna*, 561 F.3d 728, 737 (7th Cir. 2009) ("Judges, . . . are less likely to be swayed by experts with insufficient qualifications."); *accord U.S. v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

---

[1]*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), provides the proper legal framework for evaluating the admissibility of Vale's expert testimony. *Kumho Tire* explained that in some cases, including land valuation, "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire*, 526 U.S. at 150. The reliability concerns here have more to do with Vale's personal knowledge than his scientific methodology. *Cf. Comer v. Am. Elec. Power,* 63 F. Supp. 2d 927, 934 (N.D. Ind. 1999) (*Kumho Tire* provided proper legal framework for determining admissibility of proffered engineering testimony where admissibility concerns focused on expert's personal knowledge rather than scientific methodology).

Under the approach approved by the Seventh Circuit in *Salem*, which I will follow here, the judge in a bench trial may allow the presentation of borderline opinion testimony, subject it to the rigors of cross-examination, and decide during or after trial whether the testimony is admissible. *Salem*, 465 F.3d at 777; *see also Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 685 (N.D. Ill. 2009) (denying motion in limine to exclude expert from testifying at bench trial; deciding to hear the testimony and determine its admissibility later); *Jimenez v. U.S.*, No. 06 C 5943, 2008 WL 3849915, at *6 (N.D. Ill. Aug. 14, 2008) (same). Accordingly, I will allow 3600 Michigan to present Vale's opinion testimony at trial, and allow Infra to vigorously cross-examine Vale and present contrary evidence, before determining whether the testimony is entitled to some consideration, or whether it should be excluded as irrelevant, unreliable, or both.

## II. Vale's Lay Testimony as to the Condition of the Property

I conclude that the admissibility of Vale's lay testimony as to the condition of the property is also best resolved at trial, rather than in limine, despite my substantial misgivings as to the relevance of such testimony. As 3600 Michigan conceded during oral argument, Vale had no personal experience with the property during the 2003-07 period. And by the time Vale did inspect the property, 3600 Michigan had already performed certain repairs to it, in preparation for BP's occupancy. 3600 Michigan also indicated during oral argument that it intended to offer fact witnesses other than Vale to testify as to the condition of the property, including witnesses with firsthand experience of the property's condition during the relevant 2003-07 period.

Motions to exclude evidence prior to trial, however, are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT & T Techs.*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993)) . If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be resolved in proper context." *Id.*

Because I am not convinced that lay testimony from Vale on the condition of the property meets this exclusion standard, I will reserve ruling on Infra-Metals' motion to bar it, and entertain

4

objections as they arise at trial. I note, however, my discretion to alter this ruling during trial, if the need to do so arises. *See U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") (quoting *Luce v. U.S.*, 469 U.S. 38, 41 (1984)).

I am mindful of Infra-Metals' contention that the proposed lay testimony from Vale is an attempt to disguise expert testimony as fact testimony [DE 63]. The Seventh Circuit has warned about "the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *U.S. v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002) (quoting Fed. R. Evid. 701, 2000 advisory committee note); *see also Von der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 862-63 (7th Cir. 2009). Indeed, Rule 701 was amended "to emphasize that lay opinion testimony is limited to those observations of a lay witness that are 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Conn*, 297 F.3d at 553 (quoting Fed. R. Evid. 701).

Were this a jury trial, 3600 Michigan's attempt to proffer Vale's lay witness testimony on the property's condition would threaten to present the very situation that the amendment to Rule 701 was designed to prevent. *Cf. Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 559 (7th Cir. 2008) (district court properly concluded that proffered lay testimony was actually expert testimony because witness' affidavit belied contention that he based his valuation opinion on personal knowledge). But because this is a bench trial, the need to make a decision on Vale's proposed lay testimony prior to hearing it is lessened. *See In re Salem*, 465 F.3d at 777. Accordingly, as with Vale's proposed expert testimony, I will resolve the admissibility of Vale's proposed lay testimony at trial.

## CONCLUSION

For the foregoing reasons, the Court **RESERVES** ruling on Defendant's Motion to Exclude Any Testimony And the Report of Plaintiff's Proposed Real Estate Appraisal Expert, Jeffrey Vale [DE 58], and Defendant's motion to exclude Vale's lay testimony [DE 63], pending trial.

5

**SO ORDERED**.

ENTERED: March 19, 2010

                                                <u>/s/ Philip P. Simon</u>
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT