UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| 3600 MICHIGAN CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) 2:07-CV-367-PPS-APR |
| INFRA-METALS, CO. f/k/a PREUSSAG INTERNATIONAL STEEL CORPORATION, | ) |
| Defendant | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the issue of the consolidation of this case with *Infra-Metals, Co. f/k/a Preussag Inter'l Steel Corp. v. 3600 Michigan Co., Ltd.*, No. 2:09-CV-170.

### BACKGROUND

The dispute in both of these cases concerns an industrial property in Northwest Indiana, located at 3600 Michigan Road, East Chicago, Indiana 46312, where the parties and their respective predecessors jointly operated a steel processing facility from 1992 to 1997.[1] In 1997, Infra-Metals agreed to terminate the joint venture with 3600 Michigan; transfer ownership of the property to 3600 Michigan, and lease it back from 3600 Michigan for a ten-year period, from 1997 to 2007.

Six years into the lease, Infra-Metals notified 3600 Michigan of its decision to vacate the property and cease making further rental payments. As a result, the parties negotiated a 2003 amendment to the lease, which progressively reduced Infra-Metals' rent over the four years

---

[1] This and the following background facts are, unless otherwise indicated, taken from the complaints filed in the two lawsuits [DE 1 in 2:09-CV-170 & 2:07-CV-367].

remaining in the lease period, and required the parties to cooperate and use reasonable efforts to locate a new tenant for the property during this time.

On September 20, 2007, 3600 Michigan filed a complaint in the Lake County Superior Court, which was removed to this Court on October 19, 2007 as cause number 2:07-CV-367 [DE 2 in 2:07-CV-367]. In its complaint, 3600 Michigan alleges that Infra-Metals breached the lease and amendment by, among other things, failing to make repairs to the property [DE 1 in 2:07-CV-367].

Infra-Metals asserted a counterclaim for breach of contract, alleging that 3600 Michigan failed to make reasonable efforts to find a replacement tenant [DE 2 in 2:07-CV-367]. Infra-Metals later sought leave to amend its counterclaim to add claims for replevin and conversion, relating to the cranes, which Infra-Metals says it owns under the lease [DE 21 in 2:07-CV-367]. 3600 Michigan disputes this. Indeed, as part of its theory of damages in this lawsuit, 3600 Michigan claims that Infra-Metals is liable for nearly $400,000 in repairs to three industrial cranes, located at the facility, which 3600 Michigan contends Infra-Metals was obligated to repair under the lease agreement [DE 99].

Magistrate Judge Rodovich denied Infra-Metals' motion for leave to amend its counterclaim [DE 26 in 2:07-CV-367]. But instead of appealing that denial to this Court, Infra-Metals filed its replevin and conversion claims in a new state court lawsuit, which 3600 Michigan then removed to this District on June 18, 2009 [DE 2 in 2:09-CV-170]. That case is currently pending before Judge Miller as cause number 2:09-CV-170 (the "Crane Lawsuit").

Shortly after removing the Crane Lawsuit, 3600 Michigan filed a motion in that case,

seeking to consolidate it with the case pending before this Court [DE 9 in 2:09-CV-170].[2] Infra-Metals objected to consolidation [DE 15 in 2:09-CV-170], and Magistrate Judge Cherry denied 3600 Michigan's motion, in part because the Crane Lawsuit was then in the early stages of litigation, whereas the discovery deadline had already expired in the lawsuit pending before this Court [DE 19 in 2:09-CV-170].

3600 Michigan subsequently filed a motion for summary judgment in the Crane Lawsuit, arguing that Infra-Metals' replevin and conversion claims were compulsory counterclaims in this lawsuit, and thus barred in the Crane Lawsuit under principles of *res judicata* [DE 24-25]. Judge Miller denied that motion as premature, because there had been no final judgment in this lawsuit, and stayed the Crane Lawsuit pending a final judgment in this lawsuit [DE 40].

Until recently, the lawsuit pending before this Court had been set for a December 6, 2010 bench trial [DE 75]. That trial has now been continued, and discovery has been re-opened for the limited purpose of permitting certain additional deposition testimony. The parties, however, still appeared on December 6, 2010 for a *Daubert* hearing [DE 103]. After the hearing, and on the record, the parties stipulated to the consolidation of the Crane Lawsuit with this lawsuit, and further stipulated that no discovery would need to be taken in the Crane Lawsuit.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) states that actions involving "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a); *see also A Traveler v. CSX Transp.,*

---

[2]That motion should have been filed in this lawsuit, rather than the later-filed Crane Lawsuit. Local Rule 42.2 provides that "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number." L.R. 42.2.

*Inc.*, Nos. 1:06-CV-307, 1:06-CV-56, 2007 WL 2301271, at *1 (N.D. Ind. Aug. 7, 2007). The primary purpose of consolidation is to promote convenience and judicial economy. *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007).

The decision to consolidate under Rule 42 is "within the discretion of the trial judge." *Miller*, 2007 WL 2473431, at *2 (citation and quotation marks omitted); *see also Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008). In exercising that discretion, the district court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *Sylverne*, 2008 WL 4686163, at *1. The Seventh Circuit has stated that "considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd*, 435 F.2d at 204 (7th Cir. 1970); *see also Cadillac Ins. Co. v. Am. Nat. Bank of Schiller Park*, Nos. 89 C 3267, 91 C 1188, 1992 WL 58786, at *8 (N.D. Ill. Mar. 12, 1992).

The above factors strongly favor consolidation here. These actions both arise from the same underlying event: a dispute over the meaning of the parties' lease agreement. And both cases present common questions of law and fact—notably, the ownership and value of the cranes, including whether the lease unambiguously resolves the ownership issue, or whether extrinsic evidence may be used to resolve it. Absent consolidation, Judge Miller and I would face the possibility of conducting separate trials involving substantially overlapping issues and evidence. That would waste judicial time and resources for claims that could be more efficiently adjudicated in one trial. Significantly, the parties are in favor of consolidation. And

4

consolidation will not delay this action, despite the different procedural postures of these cases, because the parties have stipulated that no discovery is required in the Crane Lawsuit.

## CONCLUSION

For the reasons stated herein, and pursuant to Federal Rule of Civil Procedure 42(a), the action pending as Case No. 2:09-CV-170 is **CONSOLIDATED** with the action pending as Case No. 2:07-CV-367.  By stipulation of the parties, the discovery period in the consolidated matters is **CLOSED**, except for the limited discovery the Court described during the December 6, 2010 hearing in Case No. 2:07-CV-367, relating to certain potential witnesses in that case.  Moreover, the Court **LIFTS THE STAY** in Case No. 2:09-CV-170.  All further proceedings in these consolidated matters will occur in Case No. 2:07-CV-367.  The Clerk is directed to **ADMINISTRATIVELY CLOSE** Case No. 2:09-CV-170.

**SO ORDERED**.

ENTERED: December 9, 2010

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT